J-S09004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND CHARLES WHITE | : | |
| | : | |
| Appellant | : | No. 1818 WDA 2017 |

Appeal from the Judgment of Sentence January 24, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013546-2000

BEFORE:  PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 10, 2019**

Raymond Charles White appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following resentencing on his third-degree murder conviction. White contends that the court abused its discretion in directing that this sentence run consecutively to a previous sentence for third-degree murder. We affirm.

In May of 1999, Antwan Brooks was shot to death with his own firearm. Police interviewed White shortly thereafter, but declined to prosecute him at that time. At the time of Brooks's death, White was seventeen years and eleven months old.

A little over a year later, police arrested White in connection with another, otherwise unrelated, murder (the "Second Murder"). While police

_____

* Retired Senior Judge assigned to the Superior Court.

questioned White for a second time, White confessed to the murder of Brooks. This appeal concerns the murder of Brooks.

In 2002, a jury convicted White of third-degree murder in the Second Murder. As he was an adult when he committed the Second Murder, he was tried as an adult. The court sentenced him to an aggregate sentence of thirty to sixty years' imprisonment on the Second Murder and associated crimes.

White was subsequently found guilty of the third-degree murder of Brooks and conspiracy following a bench trial. On June 6, 2006, the trial court sentenced White to a then-mandatory term of life imprisonment without the possibility of parole. In imposing sentence, the court relied on White's previous conviction in 2002 for the other crimes.

In 2017, White was re-sentenced on the instant conviction pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012) (ruling imposition of mandatory life without parole sentences on juvenile offenders is unconstitutional). The trial court imposed a new sentence of ten to twenty years' imprisonment to run consecutively to any sentence he was currently serving.

On appeal, White challenges the trial court's exercise of discretion in imposing sentence. Specifically, he argues the trial court abused its discretion in imposing a manifestly excessive and unreasonable sentence. He further contends the trial court failed to consider relevant factors and relied on an impermissible duplicative factor. Finally, White argues the trial court failed to impose an individualized sentence.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

While White provides a Pa.R.A.P. 2119(f) statement, none of the issues raised in his statement were included in his post-sentence motion or supplemental post-sentence motion. Instead, he asserted in his post-sentence motion that the trial court should consider newly provided mitigation evidence, which he attached to the motion. In his supplemental post-sentence motion, he sought to "supplement[] his previous filings with a love story – in the form of a letter from his wife." He therefore sought "re-sentencing so he may present his substantial mitigating evidence through live witnesses."

We find his issues waived for not being preserved in his post-sentence motion, supplemental post-sentence motion, or at sentencing. ***See***

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed"); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (concluding substantial question waived for failing to raise it at sentencing or in post-sentence motion).

We note White had numerous opportunities before and during the resentencing hearing to either present mitigating evidence or accept the benefit of a presentence report and chose not to do so. When advised of the benefit of a presentence report – i.e. to learn how he had been doing while incarcerated – he blatantly waived the opportunity.

> THE COURT: Okay. Question becomes and I talked to your attorney about this, whether or not, Mr. White, this issue is going to be one of concurrent or consecutive, whether you would want a pre-sentence report, which would update me on what you have done while you have been in the penitentiary.
>
> MR. NIGHTINGALE: So we can either proceed to sentencing today or we can request a presentence report, and the probation office will conduct an investigation, basically seeing about how things have been going since you have been in the penitentiary.
>
> Do you want to proceed to sentencing today, or do you want the benefit of a pre-sentence report?
>
> THE DEFENDANT: I want to proceed today.

N.T., Resentencing, 1/24/2017, at 3-4. Further, White was specifically asked about his status since being incarcerated and the only information provided to

the court was the fact that he has been written up a "few times"[1] while incarcerated. *See id*., at 4.

As we find White has waived his sole issue on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/10/2019

---

[1] Our review of the record, including White's own admission in his brief, indicates that he has had seventeen misconducts during his incarceration. *See* N.T., Sentencing, 1/24/17, at 7; Appellant's Brief, at 11.